IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LONNIE BRITTON,

              Plaintiff,

     v.

STATE OF NEW JERSEY,

              Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 15-3933 (JBS-AMD)

**OPINION**

APPEARANCES:

LONNIE BRITTON, Plaintiff pro se
#227788
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

**SIMANDLE, Chief Judge:**

**I.    INTRODUCTION**

Plaintiff Lonnie Britton, a pretrial detainee currently confined at Atlantic County Justice Facility ("ACJF"), Mays Landing, New Jersey, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. By order dated June 23, 2015, this Court granted his application to proceed *in forma pauperis* and directed the Clerk to file the complaint. (Docket Entry 2).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for seeking relief from defendants who are immune from relief and as frivolous.

## II.   BACKGROUND

According to documents attached to the complaint, Plaintiff was arrested on July 30, 2014 after allegedly robbing a Bank of America in Atlantic City, New Jersey. (Docket Entry 1-2 at 11). Plaintiff was interviewed and admitted to robbing the bank. (Docket Entry 1-2 at 11). Plaintiff was charged with first-degree robbery for threatening the immediate use of a deadly weapon, N.J.S.A. 2C:15-1(a)(1); and third-degree terroristic threats for threatening to kill one of the bank tellers, N.J.S.A. 2C:12-3(b). (Complaint No. 0102-W-2014-003641, Docket Entry 1-4 at 39). On October 23, 2014, an Atlantic County grand jury indicted Plaintiff for first-degree robbery, N.J.S.A. 2C:15-1; and third-degree terroristic threats, N.J.S.A. 2C:12-3(b). (Docket Entry 1-2 at 17-24; Indictment No. 14-10-3177, Docket Entry 1-5 at 1-4).

Plaintiff filed various motions before the Superior Court, including a motion to dismiss the charges based on fraudulent concealment and the necessity of separating the "flesh and blood, real, lawful, living being," from the "legal fictitious

party" named in the complaint and indictment, (Docket Entry 1-5 at 46-55), and a motion to proceed *pro se* during his trial, (Docket Entry 1-2 at 29).[1] Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which this Court dismissed on January 15, 2015. *Britton v. Warden Atl. Cnty. Justice Facility*, No. 14-7876 (JBS) (D.N.J. Jan. 15, 2015).

Plaintiff thereafter filed the instant complaint and petition for removal of his criminal case on June 10, 2015. (Docket Entry 1). He alleges Defendant State of New Jersey "has failed to provide the contract or document involving the nature and cause of this accusation that gives [Atlantic County Superior Court] subject matter jurisdiction over the claims." (Docket Entry 1 at 1). He further alleges that the Superior Court judge presiding over his criminal matter has "fraudulently concealed the true nature and cause, and has failed to have the State's attorney produce the contract to which I am a party . . . . supporting the state's subject matter jurisdiction over this matter . . . ." (Docket Entry 1 at 1). He also claims the prosecutor and his appointed public defender "have been shown to have unclean hands and seeks to enforce the statute of frauds and there is no standard proof of evidence to support the charges and offense by 'memorandum' or 'contract' committed to

---

[1] The Superior Court appointed the Public Defender's office to represent Plaintiff. (Docket Entry 1-2 at 16).

writing and signed by the party to be charged." (Docket Entry 1 at 1).

## III. STANDARD OF REVIEW

## A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking redress against a governmental entity.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

4

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   DISCUSSION

## A. Petition for Removal

Plaintiff's complaint also contains a "Petition for Removal" pursuant to 28 U.S.C. §§ 1441, 1446, 1447, and 1455 (Docket Entry 1 at 1). Sections 1441, 1445, and 1447 concern the removal of civil actions originally filed in state courts. As no civil actions have been filed in the state courts, those sections are irrelevant.

6

Section 1443 "provides for the removal of a criminal prosecution commenced in a state court where the defendant 'is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" *In re Ingris*, 601 F. App'x 71, 75 (3d Cir. 2015) (quoting 28 U.S.C. § 1443(1)). The Court has examined the complaint and attached exhibits and finds that removal should not be permitted as Plaintiff has failed to set forth valid grounds for removal, and there is no indication he is being deprived of any rights by the state courts. 28 U.S.C. §§ 1443(1), 1455(b)(4). Plaintiff's criminal action shall be remanded to the state courts.[3]

**B. Eleventh Amendment Immunity**

Plaintiff has named the State of New Jersey as the sole defendant. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

---

[3] The Court also notes Plaintiff's petition is untimely under 28 U.S.C. § 1455(b)(1) (requiring notices for removal to be filed "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ."). Plaintiff has not shown good cause as to why he should be permitted to file a notice of removal over six months after his arraignment, which occurred on November 18, 2014. 28 U.S.C. § 1455(b)(1); (Docket Entry 1-2 at 25).

Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff may not therefore bring a civil suit against the State in the absence of a waiver by the State. There is nothing in the complaint that would permit this Court to conclude the State has waived its immunity to suit, thus the complaint against the State of New Jersey must be dismissed with prejudice.

**C. Judicial Immunity**

To the extent the complaint could be read as attempting to raise claims against the Superior Court judge for "fraudulently conceal[ing] the true nature and cause, and has failed to have the State's attorney produce the contract to which I am a party . . . supporting the state's subject matter jurisdiction over this matter . . . " (Docket Entry 1 at 1), those claims must also be dismissed as judges are likewise immune from suit.

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. at 11, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if

his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Ibid.* In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff has set forth no facts that suggest the Superior Court judge acted outside of his judicial capacity or in the absence of all jurisdiction.[4] The judge is therefore entitled to complete judicial immunity, and the complaint must be dismissed with prejudice.

---

[4] Indeed the documents submitted by Plaintiff in support of his complaint indicate Plaintiff objects to the state judge's failure to grant his motions. Ruling on motions is an integral part of the judicial function. These documents clearly support a finding that the judge was performing his normal functions in his judicial capacity. *Stump*, 435 U.S. at 362.

**D. Prosecutorial Immunity**

To the extent the complaint could be read as attempting to raise claims against the Atlantic County Prosecutor's Office, those claims must also be dismissed. The Third Circuit has held that "'when [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State.' When county prosecutors perform administrative functions 'unrelated to the duties involved in criminal prosecution,' however, they act as county officials." *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505-06 (3d Cir. 1996)). The documents submitted by Plaintiff in support of his complaint indicate he objects to the prosecutor's law enforcement actions, specifically his prosecution of the criminal case against Plaintiff. (*See generally* Docket Entry 1). The prosecutor is therefore entitled to Eleventh Amendment immunity.

**E. Claim against Public Defender**

To the extent the complaint could be read as seeking damages from Plaintiff's public defender, the claims must be dismissed as public defenders are not "persons" within the meaning of 42 U.S.C. § 1983. In *Polk County v. Dodson*, the Supreme Court held that a public defender, although paid and ultimately supervised by the state, "does not act under color of

10

Case 1:15-cv-03933-JBS-AMD   Document 3   Filed 08/11/15   Page 11 of 13 PageID: 302

state law when performing the traditional functions of counsel to a criminal defendant." 454 U.S. 312, 325 (1981). *See also Vermont v. Brillon,* 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Gause v. Haile,* 559 F. App'x 196, 198 (3d Cir. 2014); *Xenos v. Slojund,* 424 F. App'x 80, 81 (3d Cir. 2011) (per curiam) ("A defense attorney 'does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding.'" (quoting *Polk Cnty.,* 454 U.S. at 325)); *Calhoun v. Young,* 288 F. App'x 47, 49 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law). Plaintiff, therefore, cannot sustain a § 1983 claim against his public defender because the public defender was not "acting under color of state law." Any claims against Plaintiff's public defender must be dismissed with prejudice.

## F. Frivolous Complaint

Even if all of the conceivable defendants were not immune from suit, the complaint would still be dismissed as a frivolous filing. Generally, a complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is considered legally frivolous "where '[none] of the legal points [are] arguable on their merits.'" *Ibid.* (quoting *Anders v.*

*California*, 386 U.S. 738, 744 (1967)). "A claim is considered factually frivolous where the facts alleged are clearly baseless, a standard that encompasses allegations that are fanciful, . . . fantastic, . . . and delusional[.]" *Ackerman v. Mercy Behavior Health*, No. 15-1822, 2015 WL 3960893, at *1 (3d Cir. June 30, 2015) (internal citations and quotation marks omitted) (alterations in original).

Contrary to Plaintiff's assertions that he has not been informed of the nature of the proceedings against him, (Docket Entry 1 at 1, 4, 8), the documents attached to the complaint indicate that Plaintiff has received the initial complaint filed against him immediately following his arrest, (Docket Entry 1-4 at 5); the transcript of the grand jury proceedings, (Docket Entry 1-2 at 17-24); the indictment, (Docket Entry 1-5 at 1-4); and police reports setting forth in detail the State's evidence against him, (Docket Entry 1-2 at 11; Docket Entry 1-4 at 1-28). His claims of "concealment of the nature of the proceedings against him" lack any foundation in either law or fact. Even construing the complaint liberally, there are no factual allegations from which this Court could reasonably infer that Plaintiff has an actionable claim for relief.[5]

---

[5] Plaintiff's arguments based on the contract law doctrines of "unclean hands" and "fraudulent concealment" are inapplicable to the matter at hand and frivolous. The Court notes Plaintiff previously filed a petition for writ of habeas corpus pursuant

Generally, *pro se* plaintiffs would be granted leave to amend the complaint in order to correct the deficiencies of the complaint. Leave to amend may be denied, however, when such amendment would be futile or inequitable. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court concludes amendment of the complaint would be futile as all of the prospective defendants are immune from suit, and the claims raised are patently frivolous. The complaint is therefore dismissed with prejudice.

**V.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice in its entirety. An accompanying Order will be entered.

<u>**August 11, 2015**</u>                          <u>**s/ Jerome B. Simandle**</u>
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge

---

to 28 U.S.C. § 2241 raising similar "patently frivolous allegations regarding 'admiralty/maritime jurisdiction' and trademark infringement based on his status as a 'vessel or thing' and treatment of his 'trademarked name and property as an offender.'" *Britton v. Warden Atl. Cnty. Justice Facility*, No. 14-7876 (JBS), slip. op at 1 n.2 (D.N.J. Jan. 15, 2015).